HAMLIN, Justice
(concurring in part and dissenting in part) :
I respectfully dissent from that part of the majority opinion which, after stating that we erred in denying the application of Bernard J. Chauvin, Jr., for writs and that his application should have been granted as well as the other, holds: “Nevertheless, the rejection is final, and operates as a final determination of the issues presented in the application of Bernard J. Chauvin, Jr. The part of the judgment of the Court of Appeal unfavorable to him and favorable to the widow of B. J. Chauvin, Sr. will not be disturbed. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151. In spite of the fact that we differ with the Court of Appeal on the applicable law, and would have disposed of the case differently, we must affirm.”
Art. VII, Sec. 11, La.Const. of 1921, recites that we have the same power and au *843 thority when certiorari is granted as we have when the case is carried here by appeal.
Article 2164 of the Code of Civil Procedure provides that the appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. When this case was argued in this Court, thorough arguments as to the law and the provisions of the instant will were presented by counsel for all parties.
If we made a mistake in refusing the application for certiorari of Bernard J. Chauvin, Jr., I believe that this mistake should now be rectified; I believe that Bernard J. Chauvin, Jr., should not be deprived of a property right because of our mistake. It seems to me that the claims of all parties are enmeshed; I believe that we now have the power to pass on the claim of Bernard J. Chauvin, Jr., despite the fact that we denied his application for certiorari. We are here to see that justice is done. I do not find that the case of Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151, is apposite herein.
For the above reasons, I respectfully dissent in part. I concur in the remainder of the majority opinion.